UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:24-cv-02559-SSS-SHKx | Date | March 20, 2025 |
| Title | *John Roe DG 59 v. Doe 1 et al.* | | |

Present: The Honorable    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER (1) DENYING PLAINTIFF's MOTION TO REMAND [DKT. 11] AND (2) GRANTING APPLICATION TO SEAL [DKT. 17]**

Before the Court is Plaintiff's Motion to Remand Case to California State Court (the "Motion") filed on January 2, 2025. [Dkt. 11]. The Court **DENIES** the Motion.

## I.    FACTUAL AND LEGAL BACKGROUND

On August 26, 2024, Plaintiff John Roe DG 59 ("Plaintiff") filed a complaint in the Superior Court of California for the County of San Bernardino against Defendants Doe 1, Doe 2, and Doe 3, and Does 4–100 ("Defendants"). [Dkt. 1-1, "Complaint"]. Defendants Does 1, 2, and 3 are not truly fictitious Doe Defendants, instead they are designated as Does in compliance with California Code of Civil Procedure § 340.1(k), which requires Plaintiffs who are over forty years old and bringing childhood sexual assault claims to name any defendants with a "Doe" designation "until there has been a showing of corroborative fact as to the charging allegations against that defendant." Doe 1 is the Church of Latter-Day Saints ("Church"), a Utah corporation; Doe 2 is the Temple Corporation, a Utah nonprofit corporation; and Doe 3 is the "Stake," the local geographical unit

within the Church. [*Id.* ¶ 5–7; Dkt. 1 ¶ 7, "NoR"]. Here, the local congregation (the "ward" or "branch") where the abuse is alleged to have taken place gathers at a meetinghouse that is owned by Doe 1, the Church in Utah. [NoR ¶ 11].

Plaintiff is a resident and alleged to be domiciled in San Bernardino. [Compl. ¶ 3; NoR ¶¶ 5–6]. Plaintiff alleges he was abused by religious leader within the Defendant's church in Colton, California, and the abuse occurred repeatedly between 1968 and 1970. [Compl. ¶¶ 3–5]. Plaintiff alleges he was the victim of unlawful sexual assault, molestation, abuse, and other extreme misconduct by this church leader, Perpetrator Kenneth W. [*Id.* ¶ 3]. Plaintiff brings state law claims for negligence, negligent supervision of a minor, sexual abuse of a minor, negligent hiring, supervision, and retention, negligent failure to warn, train, or educate, and breach of mandatory duty. [*Id.* ¶¶ 60–102].

Defendants removed the action on December 2, 2024. [NoR]. Plaintiff moved to remand the case on January 2, 2025. [Motion]. On February 14, 2025 the Defendants opposed and filed an application to seal its supporting declarations. [Dkt. 17, "App to Seal"; Dkt. 19, "Opp."].[1] On February 21, 2025, the Plaintiff replied. [Dkt. 24, "Reply"].

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, federal courts can only hear cases if "there is a valid basis for federal jurisdiction." *Ayala v. Am. Airlines, Inc.*, No. 2:23-cv-03571, 2023 WL 6534199, at *1 (C.D. Cal. Oct. 6, 2023) (citing *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991)).

A defendant may remove the case to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). If a plaintiff contests the removability of an action, the burden is on the removing party to show

---

[1] The Court **GRANTS** Defendants' application to seal three documents (one set of church membership information, and two sets of public records) containing Plaintiff's personally identifiable information. [Dkt. 17]. *Jane Doe No. 1 v. Fitzgerald*, No. CV 20-10713, 2021 WL 9721325, at *1 (C.D. Cal. Oct. 12, 2021) ("The public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes.").

by a preponderance of the evidence that the requirements for removal were met. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Under 28 U.S.C. § 1332, a district court has original jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between 'citizens of different States.'" *Jimenez v. General Motors*, LLC, No. 2:23-cv-06991, 2023 WL 6795274, at *2 (C.D. Cal. Oct. 13, 2023).

If there is any doubt as to the right to removal, a court must remand the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (stating "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance"); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing *Gaus*, 980 F.2d at 566).

## III.  DISCUSSION

Plaintiff makes three arguments for remand.  First, Defendants' removal rests on the idea that the Doe 3, the only alleged California Defendant, is either actually a citizen of Utah or fraudulently joined because it is not an entity that can be sued.  [NoR at 3–4].  Absent Doe 3, the parties are diverse.  Plaintiff disagrees and argues that California law recognizes a cause of action against some unincorporated associations like Doe 3, and that Doe 3 is a citizen of California.  [Motion at 1–2].  Second, Plaintiff argues that Defendant's Notice of Removal inadequately alleges Plaintiff's citizenship.  [*Id.* at 14–15].  Third, Plaintiff argues that the Doe Defendants are stateless and the Court lacks diversity jurisdiction over them.  For the reasons stated below, and the Motion is **DENIED**.

### A. Citizenship of Doe 3

Diversity jurisdiction in this case turns in part on whether Plaintiff can establish a cause of action against Doe 3, the local stake covering Colton.[2] Plaintiff's allegations concede he is a resident of California (and Defendants allege he is domiciled in California), and Defendants Does 1 and 2 are citizens of Utah.

---

[2] The parties do not contest the amount in controversy is above $75,000. 28 U.S.C. § 1332(a).

[Compl. ¶¶ 3, 5, 6; NoR ¶¶ 5–6]. Thus, if Doe 3 is a citizen of California, as Plaintiff argues, the parties are not diverse, and the Court must remand.

It is well settled that a corporation is a citizen of every state in which it has been incorporated and of the state in which it has its principal place of business. *3123 SMB LLC v. Horn*, 880 F.3d 461, 462–63 (9th Cir. 2018); 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is the location from which its "officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

While an "incorporated subsidiary" of a corporation may "possess citizenship independent of its parent corporation," an "unincorporated division" shares the citizenship of its parent corporation. *Breitman v. May Co. Cal.*, 37 F.3d 562, 564 (9th Cir. 1994). Unincorporated divisions are not "formal[ly] separate[]" from their parents, and so are not "independent entit[ies] for jurisdictional purposes." *Id.* (quoting *Schwartz v. Electronic Data Sys., Inc.*, 913 F.2d 279, 284 (6th Cir.1990)).

Doe 3 is not a separate entity for jurisdictional purposes. Plaintiff does not plausibly allege that Doe 3 is separately incorporated. Plaintiff alleges that Doe 3's "principal place of business" is in Rialto, California, that Stakes "create[] and maintain[] meticulous sets of membership records," and have some internal governance mechanisms. [Compl. ¶¶ 7, 34]. Plaintiff does allege that Doe 3 is "registered to do business in California," but that does not speak to where or if Doe 3 is incorporated. [*Id.* ¶ 7]. At its core, Plaintiff's Complaint repeatedly emphasizes that Doe 3 is a "subsidiary" of the LDS Church, not a distinct entity. [*Id.*] The membership records Plaintiff seeks are "reviewed and controlled by DOE 1," not the stakes that produce them. [*Id.* ¶ 37.] Plaintiff also confirms Doe 1, the Church, "is and was at all relevant times herein mentioned, the religious entity, located at Colton, California, through which Perpetrator Kenneth W. held and used his position as 'Elder' to groom and sexually abuse Plaintiff," not Doe 3, the local stake. [*Id.* ¶ 5].

Plaintiff cites two lines of authority in support, but both are inapposite. In one, Plaintiff argues that California federal courts have remanded in similar types of lawsuits brought against the Mormon church, but in each cited case, the Stake had some type of formal business status. *Geppert v. Church of Jesus Christ of Latter-Day Saints, Inc.*, No. 23-CV-05763, 2024 WL 495255, at *1–*2 (N.D. Cal. Feb. 8, 2024) (stake is incorporated). In the other, Plaintiff likens this case to a line of case law where the citizenship of unincorporated associations is determined

by their membership. But in those cases, the unincorporated associations were independent entities, not unincorporated divisions of a corporate parent. *See, e.g.*, *Barr v. United Methodist Church*, 90 Cal. App. 3d 259, 270–72 (1979) (finding the entire United Methodist Church to be an unincorporated association capable of being sued, not a local denomination of an otherwise incorporated church); *Lumbermen's Underwriting All. v. Mobil Oil Corp.*, 612 F. Supp. 1166, 1167 (D. Idaho 1985) (suing independent reciprocal insurance exchange).

Doe 3 is a division of Doe 1 for jurisdictional purposes and thus a citizen of Utah. There is complete diversity, and the Court denies remand on this basis.

### B. Sufficiency of Notice of Removal

Plaintiff also argues that Defendants' Notice of Removal is defective because though it alleges he is domiciled in California, it relies on his complaint which only alleges his residence. [Motion at 19–20]. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853 (9th Cir. 2001) ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.").

But in its Notice of Removal, Defendants must only "allege affirmatively" Plaintiff is a citizen of California, and here alleged he was domiciled in California. *Kanter*, 265 F.3d at 857. [NoR at 3–4]. At this stage, where Plaintiff alleged he is a resident of California in his complaint [Compl. ¶ 3] and has not presented any evidence to dispute that citizenship, Defendants have met their burden to survive a motion to remand. *Ehrman v. Cox Commc'n, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019).

### C. Fictitious Names

Plaintiff also argues that Does 1, 2, and 3 are sued under fictitious names, so their diversity should be disregarded for diversity purposes, and the case remanded because there is no diversity jurisdiction over stateless defendants. [Reply at 2–6]. Setting aside the fact that Plaintiff raises this argument for the first time in reply, the Court is not convinced. Generally, under the diversity statute, doe defendants lack citizenship for the purposes of determining diversity. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) . . . , the citizenship of defendants sued under fictitious names shall be disregarded."). However, unlike the run-of-the-mill doe defendant, both parties know and agree who the Does are in this case. They are not "fictitious." They are only sued as Doe Defendants due to California's procedural

requirements in child sexual abuse cases. The Court follows other courts in this Circuit that have denied remand under similar circumstances. *John Roe CS 88 v. Doe 1*, No. CV 24-11154, 2025 WL 485121, at *3–*4 (C.D. Cal. Feb. 13, 2025) (observing that interpreting the removal statute otherwise "would permit state legislatures to exempt entire classes of defendants from federal diversity jurisdiction, even when the identities of those defendants are known."); *Roe MB 69 v. Doe 1*, No. 8:24-CV-02395, 2025 WL 415344, at *2–*3 (C.D. Cal. Feb. 6, 2025); *Collins v. Garfield Beach CVS, LLC*, No. CV 17–3375, 2017 WL 2734708, at *2 (C.D. Cal. June 26, 2017).

## IV.   CONCLUSION

Because Defendants met their burden to establish complete diversity between the parties, and the amount in controversy exceeds $75,000, the Court finds diversity jurisdiction existed over this case at the time of removal. 28 U.S.C. § 1332(a). Thus, the Court finds removal was proper under 28 U.S.C. § 1441(a) and **DENIES** Plaintiff's Motion. [Dkt. 11].

**IT IS SO ORDERED.**